ORIGINAL

## In the United States Court of Federal Claims

No. 13-391 C

**FILED**

(Filed October 23, 2013)

OCT 2 3 2013

U.S. COURT OF
FEDERAL CLAIMS

**UNPUBLISHED**

```
* * * * * * * * * * * * * * * * * * * *
SAMANTHA D. RAJAPAKSE          *
                               *
          Plaintiff,           *
                               *
     v.                        *
                               *
THE UNITED STATES,             *
                               *
          Defendant.           *
* * * * * * * * * * * * * * * * * * * *
```

*Pro Se* Complaint; Motion to
Dismiss for Lack of Subject
Matter Jurisdiction, RCFC
12(b)(1).

*Samantha D. Rajapakse*, Memphis, TN, *pro se*.

*Sean B. McNamara*, United States Department of Justice, with whom were *Stuart F. Delery*, Acting Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Deborah A. Bynum*, Assistant Director, Washington, DC, for defendant.

---

**OPINION**

---

**BUSH,** *Judge.*

Now pending before the court is defendant's motion to dismiss plaintiff Samantha D. Rajapakse's *pro se* complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC). Defendant's motion has been fully briefed and is ripe for a decision by the court. For the reasons discussed below, the court concludes that it lacks

jurisdiction over Ms. Rajapakse's claims and therefore grants defendant's motion to dismiss.

## BACKGROUND[1]

In her *pro se* complaint filed June 12, 2013, Ms. Rajapakse alleges that she filed suit against Memphis Light, Gas and Water (MLGW) in the United States District Court for the Western District of Tennessee following an error on her utility bill. *See* Compl. at 2. That lawsuit, *Rajapakse v. Memphis Light, Gas and Water et al.*, No. 2:12-cv-02807-JDT-dkv, is the first of two lawsuits allegedly filed by Ms. Rajapakse in the district court, the other being a lawsuit against the law firm allegedly representing the utility company, *Rajapakse v. Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C. et al.*, No. 2:13-cv-02328-JDT-dkv. Both lawsuits have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) (2006) for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction as to Ms. Rajapakse's state-law claims. *See Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz, P.C. et al.*, No. 2:13-cv-02328-JDT-dkv, 2013 WL 3992523, at *3 (W.D. Tenn. Aug. 5, 2013); *Rajapakse v. Memphis Light, Gas & Water Div.*, No. 2:12-cv-02807-JDT-dkv, 2013 WL 3803979, at *1 (W.D. Tenn. July 19, 2013).

Ms. Rajapakse asserts that after she filed suit against MLGW in the district court, the company "attempt[ed] to harm her, threaten her . . . and force [her] to leave her home and become homeless." Compl. at 2. She seeks $10 million in damages against the United States based upon alleged improper actions of district court officials in her lawsuit against MLGW, including the district court judge and magistrate judge. *See id.* at 4-6. Ms. Rajapakse asserts that these alleged improper actions deprived her of equal protection and due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution, violated her civil rights under 42 U.S.C. § 1983 (2006), and caused her "emotional distress" and "physical duress." *See id.*; Pl.'s Resp. at 2-8.

The government moves to dismiss Ms. Rajapakse's complaint for lack of subject matter jurisdiction under RCFC 12(b)(1) on the grounds that (1) this court lacks jurisdiction to consider the decisions of a federal district court and (2) Ms.

---

[1] The facts recited here, taken from Ms. Rajapakse's complaint and the parties' submissions in connection with defendant's motion to dismiss, are undisputed unless otherwise indicated.

Rajapakse has failed to identify any applicable provision of law conferring a substantive right for money damages against the United States.

## DISCUSSION

### I.   *Pro Se* Litigants

The court acknowledges that Ms. Rajapakse is proceeding *pro se*, and is "not expected to frame issues with the precision of a common law pleading." *Roche v. United States Postal Serv.*, 828 F.2d 1555, 1558 (Fed. Cir. 1987). *Pro se* plaintiffs are entitled to a liberal construction of their pleadings. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). Accordingly, the court has examined the complaint and briefs thoroughly and has attempted to discern all of Ms. Rajapakse's legal arguments.[2]

### II.   RCFC 12(b)(1) Motions to Dismiss

The relevant issue in a motion to dismiss under RCFC 12(b)(1) "'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Patton v. United States*, 64 Fed. Cl. 768, 773 (2005) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). In considering the issue of subject matter jurisdiction, this court must presume all undisputed factual allegations to be true and construe all reasonable inferences in favor of the plaintiff. *Scheuer*, 416 U.S. at 236; *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988). Ms. Rajapakse bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161

---

[2]/   In this regard, the court notes that Ms. Rajapakse submitted three briefs in addition to her response to defendant's motion to dismiss. First, Ms. Rajapakse filed a document titled "Plaintiff['s] Motion Seeking Special Jurisdiction Under 28 USC 1491 and Motion Seeking Rule 8 Injunctive or Estoppel Immediate Relief" on June 26, 2013, the day defendant filed its motion to dismiss. ECF No. 5. Second, on July 19, 2013, after filing her response to defendant's motion, Ms. Rajapakse filed a document titled "Plaintiff's Motion in Submission of New Discovered Evidence Rule 59 and Rule 901 In Support of Complaint and Relief." ECF No. 9. Third, on July 22, 2013, Ms. Rajapakse filed a document titled "Plaintiff's Motion in Response to Defendant's Second Request for Dismissal With Support Audio Under Rule 901." ECF No. 10. The court has considered each submission in rendering its decision on defendant's motion to dismiss.

F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted), and by presenting "competent proof," *McNutt*, 298 U.S. at 189. If Ms. Rajapakse fails to meet her burden and jurisdiction is therefore found to be lacking, the court must dismiss this action. *See* RCFC 12(h)(3).

## III.   Tucker Act Jurisdiction

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2006). The Tucker Act, however, "does not create any substantive right enforceable against the United States for money damages. The Court of Claims has recognized that the Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976) (citation omitted). A plaintiff coming before the Court of Federal Claims, therefore, must identify a separate provision of law conferring a substantive right for money damages against the United States. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) (citing *Testan*, 424 U.S. at 398).

## IV.   Analysis

For the reasons articulated below, the court concludes that it lacks jurisdiction to consider Ms. Rajapakse's claims. As an initial matter, the Court of Federal Claims lacks jurisdiction to review the decisions of the federal district courts. *See Allustiarte v. United States*, 256 F.3d 1349, 1351-52 (Fed. Cir. 2001) (holding that the Court of Federal Claims lacked jurisdiction to adjudicate a taking claim based on "an allegedly improper action by a bankruptcy trustee that was approved by a Ninth Circuit bankruptcy court"); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1375 (Fed. Cir. 2001) ("The Court of Federal Claims 'does not have jurisdiction to review the decisions of district courts.'" (quoting *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994))). Therefore, this court lacks jurisdiction to scrutinize the actions of the United States District Court for the Western District of Tennessee with respect to Ms. Rajapakse's lawsuits in that forum.

Moreover, even if the court were authorized to review the district court's handling of Ms. Rajapakse's lawsuit against MLGW, none of the violations alleged in Ms. Rajapakse's complaint are tied to an underlying money-mandating provision of law that would support this court's jurisdiction under the Tucker Act. In order for jurisdiction to lie under the Tucker Act based upon a constitutional provision, the provision must be money mandating in the sense that it contemplates the payment of money damages for its violation. *See James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) ("[A] Tucker Act plaintiff must assert a claim under a separate money-mandating constitutional provision, statute, or regulation, the violation of which supports a claim for damages against the United States.") (citations omitted).

None of the constitutional provisions upon which Ms. Rajapakse relies (certain clauses of the Fifth and Fourteenth Amendments) fall into that category. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that the Due Process Clauses of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment are not sufficient bases for Tucker Act jurisdiction because they do not mandate payment by the government (citing *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980))). Likewise, Ms. Rajapakse's claims for "emotional distress" and "physical duress" sound in tort, and thus are outside this court's jurisdiction. *See Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (citing 28 U.S.C. § 1491(a)(1), and *Keene Corp. v. United States*, 508 U.S. 200, 214 (1993)). Finally, the court also lacks jurisdiction over Ms. Rajapakse's claim based on 42 U.S.C. § 1983 because section 1983 jurisdiction is conferred exclusively on the United States District Courts. *See* 28 U.S.C. § 1343(a) (2006) ("The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person . . . (4) To recover damages or to secure equitable or other relief under any act of Congress providing for the protection of civil rights, including the right to vote."); *Doe v. United States*, 74 Fed. Cl. 794, 798 (2006).

The court has considered the additional jurisdictional arguments advanced by Ms. Rajapakse and concludes that they are also without merit. Ms. Rajapakse attempts to invoke this court's jurisdiction by citing four statutory provisions that apply only to federal district courts: 9 U.S.C. § 4 (2012) (providing that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" may petition any federal district court for an

order compelling arbitration if the district court would have jurisdiction but for the arbitration agreement); 28 U.S.C. § 1331 (2006) (conferring upon the federal district courts original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States"); 28 U.S.C. § 1367 (2006) (conferring upon the federal district courts supplemental jurisdiction over claims that are "part of the same case or controversy" as claims over which the district courts have original jurisdiction); and 28 U.S.C. §§ 1390-1413 (2006 & Supp. V 2011) (provisions regarding venue in the federal district courts). *See* Pl.'s Resp. at 1; ECF No. 10 at 3.

Inasmuch as the Court of Federal Claims is not a federal district court, Ms. Rajapakse cannot rely upon any of the aforementioned statutes to establish this court's jurisdiction. *See, e.g., Crocker v. United States*, 125 F.3d 1475, 1476 (Fed. Cir. 1997) (concluding that the Court of Federal Claims "correctly held that it lacks the general federal question jurisdiction of the district courts"); *Hoag v. United States*, 99 Fed. Cl. 246, 252 n.2 (2011) ("28 U.S.C. § 1367 does not confer any jurisdiction upon the United States Court of Federal Claims because only the United States District Courts are authorized to exercise supplemental jurisdiction.") (citations and internal quotation marks omitted).[3]

Ms. Rajapakse also attempts to invoke this court's jurisdiction by citing 18 U.S.C. § 371 (2012), a criminal statute. *See* ECF No. 10 at 3. However, it is well-established that this court lacks jurisdiction over criminal matters. *See Moore v. United States*, 94 Fed. Cl. 456, 463 (2010) (citing *Joshua*, 17 F.3d at 379, *Mendes v. United States*, 88 Fed. Cl. 759, 762 (2009), and *McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006)), *aff'd*, 419 F. App'x 1001 (Fed. Cir. 2011). Therefore, none of the jurisdictional bases advanced by Ms. Rajapakse confer jurisdiction over her claims, and her complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the court concludes that it lacks jurisdiction over Ms. Rajapakse's claims and her complaint must be dismissed under RCFC

---

[3]/ Moreover, even if 28 U.S.C. §§ 1390-1413 could apply to actions in this court, it does not apply here because defendant challenges jurisdiction, not venue, and jurisdiction is distinct from venue. *See, e.g.,* 28 U.S.C. § 1390(a) ("[T]he term 'venue' . . . does not refer to any grant or restriction of subject-matter jurisdiction . . . .").

12(b)(1) for lack of subject matter jurisdiction.  Accordingly, it is hereby **ORDERED** that:

(1)   Defendant's Motion to Dismiss, filed June 26, 2013, is **GRANTED**;

(2)   The Clerk's Office is directed to **ENTER** final judgment in favor of defendant **DISMISSING** the complaint **without prejudice**; and

(3)   Each party shall bear its own costs.

Lynn J. Bush
Senior Judge

7